**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT BARRY KING,<br><br>                    Plaintiff,<br><br>                    v.<br><br>DENISE RODRIGUEZ, et al.,<br><br>                    Defendants. | Civil Action No. 22-353 (KMW) (AMD)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Defendant's unopposed motion to dismiss Plaintiff's amended complaint. (ECF No. 27.) For the following reasons, the motion is granted in part and Plaintiff's amended complaint is dismissed without prejudice for failure to state a claim.

**I.    BACKGROUND**

In his amended complaint, Plaintiff asserts that he sought treatment for frequent urination, inability to empty his bladder, and blood in his ejaculate in 2018 while imprisoned at FCI Fairton. (ECF No. 10-1 at 6.) Prostate screening tests in February and March 2018 indicated an enlarged prostate, and Defendant McGann diagnosed Plaintiff with benign prostate hyperplasia, allegedly without conducting tests to rule-out prostate cancer. (*Id.* at 6-7.) Plaintiff was prescribed medicine, but it did not help and seemed to make the issues worse. (*Id.* at 7.) In December 2019, Plaintiff was moved from Fairton to a federal prison in Devers, Massachusetts. (*Id.*) While there, Plaintiff saw a Dr. Murray on or about December 18, 2019, who advised Plaintiff that, based on his symptoms and enlarged prostate, he suspected Plaintiff had prostate cancer, and referred him

to a specialist who ultimately diagnosed him with cancer following a biopsy on April 6, 2020. (*Id.* at 7-9.) Plaintiff thereafter underwent surgery on May 12, 2020, chemotherapy between April 2020 and October 2021, and radiation treatment between November 2020 and February 2021. (*Id.* at 8-9; ECF No. 10 at 1-2.) Defendants now move to dismiss the amended complaint.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se*

2

litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In their motion to dismiss, Defendants chiefly contend that Plaintiff's amended complaint should be dismissed as time barred. As this Court previously explained to Plaintiff, federal civil rights actions, including deliberate indifference claims, raised in this District are subject to New Jersey's two-year personal injury statute of limitations. *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Because Plaintiff's claims concern medical treatment he received in 2018 and 2019, and Plaintiff did not file his complaint in this matter until late January 2022, his claims appear at first glance to have been filed beyond the statute of limitations. As Plaintiff's claims appear to be facially time barred, his amended complaint must be dismissed as untimely filed unless he can show either a later date for the accrual of his cause of action or that he is entitled to equitable tolling. A federal civil rights claim generally accrues when a reasonable person in the plaintiff's position would have been aware of his injury, notwithstanding that he may not yet know against whom he can bring suit. *See, e.g., Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *See, e.g., Matos-Ramirez v. Northampton Cnty. Jail Med. Expert*, No. 21-2976, 2021 WL 3722262, at *4 (E.D. Pa. Aug. 23, 2021) (deliberate indifference to medical needs claim accrues when Plaintiff knows or has reason to know that the alleged mistreatment or failed treatment occurred).

Based on Plaintiff's allegations, there are potentially two dates on which he became aware of his alleged mistreatment – December 2019, when he was first advised that further testing should be conducted by Dr. Murray, and April 2020, when Plaintiff was formally diagnosed with prostate cancer. Although Dr. Murray's desire for further testing certainly may have suggested to Plaintiff that there may have been an issue, giving the Plaintiff the benefit of all reasonable inferences, he was not actually made aware that he had allegedly been misdiagnosed with benign hyperplasia

3

until his cancer diagnosis was confirmed, which Plaintiff alleges occurred in April 2020. Based on the facts currently alleged in the amended complaint, this Court therefore finds that Plaintiff's claims accrued in April 2020, and his complaint was therefore filed within the two-year limitations period. Defendants' time bar argument thus serves as no basis for the dismissal of Plaintiff's complaint.

In their motion, Defendants' also argue that Plaintiff's amended complaint, which seeks to raise claims for deliberate indifference to medical needs under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 402 U.S. 388 (1971), fails to state a claim for which relief may be granted. *Bivens*, which is an analogue for claims brought under 42 U.S.C. § 1983, provides a cause of action for those who have been denied their constitutional rights by those acting under color of federal law. Here, Plaintiff, a convicted prisoner, asserts that his Eighth Amendment rights were violated when prison doctors failed to properly treat his prostate cancer. In order to plead a medical claim under the Eighth Amendment, a prisoner must plead facts which would show that the named Defendants were deliberately indifferent to his medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that the Plaintiff plead facts which indicate both that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore "requires more than inadequate medical

attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)).

Here, Plaintiff essentially raises a claim of misdiagnosis – that his doctors operated under the misdiagnosis that he had benign prostate hyperplasia rather than cancer, and thus did not take steps to remediate the cancer. He does not allege facts indicating that the doctors had reason to know that their diagnosis was clearly wrong – indeed, even after his meeting with Dr. Murray, it did not become clear his benign hyperplasia diagnosis was wrong until after Plaintiff underwent further testing including a biopsy which indicated that he actually had prostate cancer. Plaintiff's claim thus sounds in medical negligence – *i.e.*, that his doctors mistakenly diagnosed him, continued to operate under the parameters of that diagnosis, and therefore negligently failed to conduct further tests which could reveal cancer. Because mere medical negligence or malpractice are insufficient to state a claim for relief under the Eighth Amendment, Plaintiff has therefore failed to plead a plausible basis for relief under *Bivens*. Plaintiff's amended complaint must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.[1]

---

[1] In their motion, Defendants raise two additional arguments whose merits depend on facts outside of the amended complaint – that plaintiff failed to exhaust his claims, and that one named defendant is immune from suit in this matter based on being a member of the Public Health Service. As both claims depend on facts outside the four walls of the amended complaint which were not

While this Court will dismiss this *Bivens* matter at this time, the Court is mindful that Plaintiff may have related state court malpractice or equivalent tort claims arising out of the facts alleged in this matter which he may wish to pursue instead of a *Bivens* claim that would ordinarily be untimely once this matter is dismissed. Pursuant to 28 U.S.C. § 1367(d), however, the limitations period for any such state law medical malpractice claim is therefore "tolled . . . for a period of 30 days" after the date on which this Court's dismissal in this matter is entered. To the extent Plaintiff wishes to pursue any malpractice or other tort claim arising out of the misdiagnosis that gave rise to his *Bivens* claim, he must file his complaint raising such claims in the appropriate forum within thirty days of the date on which the order accompanying this opinion is entered.

## IV.  CONCLUSION

For the reasons expressed above, Defendants' unopposed motion to dismiss (ECF No. 27) is **GRANTED**, and Plaintiff's amended complaint (ECF No. 10-1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted in this *Bivens* matter. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

explicitly raised by Plaintiff – the defendant's PHS status at the time of the relevant actions and the lack of any record of timely grievances sufficient to exhaust Plaintiff's claims filed by Plaintiff – such claims could not be decided at this time unless this Court converted Defendants motion into a summary judgment motion. *See* Fed. R. Civ. P. 12(d). Because this Court will dismiss the amended complaint for failure to state a claim at this time, this Court need not and does not convert the motion into one for summary judgment, and thus does not address those remaining arguments at this time.